IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| MARK BRENNAN, | ) | CV 10-65-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNIVERSITY OF MONTANA FOUNDATION, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## I. Introduction

Mark Brennan brought this action against the University of Montana Foundation (the "Foundation") claiming it discriminated against him on the basis of his age and in refusing to hire him for twelve separate positions. The Foundation has moved to dismiss some of his claims. It argues Brennan fails to state a claim for relief on nine of his twelve discrimination claims because they

-1-

were not timely filed as required under state and federal law. For the reasons that follow, the Foundation's motion is granted.

## II.  Background

In his Complaint, Brennan alleges the "Defendant discriminated against [him] on the basis of his age by its refusal to hire [him] for twelve separate positions." Compl. ¶ 3. He contends the discrimination violates both Montana and federal law, and states, in a conclusory manner, that he "timely filed" his claim. Id. at ¶¶ 5, 6. He does not, however, identify which of his twelve claims were timely filed.

Before suit, Brennan filed an age discrimination complaint with the Montana Department of Labor and Industry (the "Department") and with the Equal Employment Opportunity Commission on February 2, 2009. The Foundation attached a copy of the Department's July 29, 2009 Final Investigative Report. Based on it,[1] Brennan applied for the positions of Director of Development for the College of Forestry and Conservation, and Director of Development for the College of Arts and Sciences in November 2008. (Dkt #6-3

---

[1] While the Court normally should not consider extrinsic evidence in deciding a Rule 12(b)(6) motion, there is an exception for documents the complaint relies upon for which the "authenticity ... is not contested." Lee v. City of Los Angeles, 250 F.3d at 688. Here, the Complaint relies on the Final Investigative report, Compl. ¶ 5, and neither party challenges its authenticity.

at 1.)  He also was rejected for a position as the Director of Development for the College of Journalism in August 2008.  The Report found Brennan's complaint to be untimely in regards to the other nine positions he applied for between 2001 and 2008 with the Foundation.[2]  (Dkt # 6-3 at 8.)  Exact dates are not given concerning his other nine applications, but the Report quotes Brennan as stating "I realize a limited number of these applications fall into the specified timeframe [sic] for investigation."  (Dkt. #6-3 at 2.)

The Foundation moves to dismiss Brennan's claims as untimely for all but three of his claims of job discrimination.  In response, Brennan does not dispute that some of his claims are untimely.  Instead, he argues he needs those claims to show a pattern of discrimination.

### III.  Standard

Under the Federal Rules of Civil Procedure, dismissal is appropriate if the allegations fail "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A complaint should be dismissed if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The question is "not

---

[2]Actually, the Report found Brennan's claim of discrimination based on the Director of Development for the College of Journalism position to be untimely. (Dkt #6-3 at 8.)  The Foundation concedes, however, that the claim is not untimely.  Def.'s Br. 7.

whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).  The Ninth Circuit reviews a 12(b)(6) dismissal de novo.  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1102 (9th Cir. 2003).

### IV.  Analysis

The Age Discrimination in Employment Act prohibits employers from basing hiring decisions on age.  29 U.S.C. § 623(a)(1).  An employment discrimination charge must be filed with the Equal Employment Opportunity Commission (the "Commission") within 300 days from when the unlawful act occurred.  Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 110 (2002).  Failure to do so bars recovery.  Id. at 110.  At the same time, a Montana state law claim for age discrimination must be filed with the Department of Labor and Industry within 180 days of the alleged discriminatory act.  Mont. Code Ann. § 49-2-501(4)(a).

Plaintiff filed his age discrimination complaint with the Department and the Commission on February 2, 2009.  For his federal discrimination claims to be valid, the discrimination must have occurred within 300 days of that date–April 8, 2008.  For his state discrimination claims to be valid, the discrimination must have

occurred within 180 days–August 6, 2008.

Plaintiff does not dispute that nine of his discrimination claims are based on acts that occurred prior to April 8, 2008.[3] As such, those nine claims are barred. At the same time, Brennan applied for the positions of Director of Development for the College of Forestry and Conservation, and Director of Development for the College of Arts and Sciences in November 2008. The Foundation also rejected Brennan for a position as the Director of Development for the College of Journalism on August 18, 2008. Def.'s Br. 7. His claims related to these positions are thus timely.

## V. Conclusion

Defendant University of Montana Foundation's Motion to Dismiss (dkt #4) is GRANTED. Nine of Plaintiff's twelve federal and state law claims for discrimination are dismissed as untimely, leaving only his claims regarding the Foundation's failure to hire him for (1) the Director of Development for the College of Forestry and Conservation position, (2) the Development for the College of Arts and Sciences position, and (3) the Director of Development for the

---

[3] Brennan responds that the nine claims are needed to show a "pattern of discrimination." Pl.'s Resp. 2. However, "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." Cherosky v. Henderson, 330 F.3d 1243, 1246 (9th Cir. 2003) (quoting Morgan, 536 U.S. at 122).

College of Journalism position.

Dated this 16th day of July, 2010.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT